**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 21, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

GREGORY MAJERSKY,

    Plaintiff - Appellant,

v.

CITY AND COUNTY OF DENVER,
COLORADO; ASHLEY HINDS, Denver
City Attorney's Office; MAGISTRATE
MICHELLE KLINE, Denver Municipal
Court; JUDGE BETH FARAGHER,
Municipal Court,

    Defendants - Appellees.

No. 25-1200
(D.C. No. 1:25-CV-00479-LTB-RTG)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**,
Circuit Judge.
_____

Gregory Majersky, proceeding pro se, appeals the district court's dismissal of

his civil rights action brought under 42 U.S.C. § 1983.  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND & PROCEDURAL HISTORY**

Majersky initiated this action in state court in January 2025, asserting constitutional claims against the City and County of Denver, Magistrate Judge Michelle Kline, Judge Beth Faragher, and Denver City Attorney Ashley Hinds. Majersky's claims arose from Denver Municipal Court proceedings that resulted in him pleading guilty to one count of disturbing the peace.[1]  The defendants removed the case to federal court.  The district court ordered Majersky to file an amended complaint that did not assert claims barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that did not sue defendants who were immune from suit.

Majersky filed his operative complaint in April 2025.  He continued to challenge his municipal court proceedings, alleging that the defendants violated his constitutional rights throughout his criminal proceedings.  Majersky contended that the City of Denver's police officers arrested him without probable cause, treated him differently from his accuser, and failed to protect and enforce his rights.  After his arrest, he contended that City Attorney Hinds wrongfully pursued his prosecution, and the judges wrongfully conducted proceedings against him based on an alleged faulty arrest.  Majersky requested that his conviction be overturned and that he be awarded monetary damages for the violation of his constitutional rights.  The defendants moved to dismiss.

---

[1] The details of Majersky's underlying action can be found at Denver Municipal Case No. 23-GS-009736.

2

A magistrate judge recommended that Majersky's operative complaint be dismissed. The magistrate judge noted that Majersky specifically requested that the court vacate his state court conviction and that the claims were barred under *Heck*, which prohibits a civil rights action where the plaintiff's underlying conviction has not been invalidated. The magistrate judge noted that Majersky could not succeed on his malicious prosecution or his false arrest allegations, as the underlying conviction remained valid. Next, the magistrate judge determined that the judges were entitled to absolute judicial immunity, and the city attorney was entitled to absolute prosecutorial immunity. Lastly, the magistrate judge determined that Majersky insufficiently pled a municipal liability claim.

Majersky objected to the recommendation. He argued that *Heck* did not preclude his claims because the warrant that led to his arrest was illegal and his "detention was excessive because of the addition of the domestic violence tag for mere email communications later ruled to be protected speech." R. at 164. Majersky also argued that the Tenth Amendment conflicted with *Heck*, judicial immunity, and prosecutorial immunity. He then argued that the judges were not entitled to judicial immunity because his arrest was illegal and he was not read his Miranda rights, which defeated both judges' jurisdiction over him. Majersky argued that City Attorney Hinds was not entitled to prosecutorial immunity because she violated the duties of her position and acted outside of her jurisdiction. Lastly, he argued that he established municipal liability by citing to Denver's municipal code and stating that

3

the City and the other defendants acted against the United States and Colorado Constitutions.

The district court adopted the magistrate judge's recommendation over Majersky's objections and dismissed his operative complaint. It found that Majersky's objections lacked merit for the following reasons. First, Majersky's request to vacate his criminal conviction required treating the conviction as invalid, which implicated *Heck*, and his criminal conviction had not been vacated. Second, Magistrate Judge Kline and Judge Faragher were immune because their alleged actions were all taken in their judicial capacities. Third, City Attorney Hinds was entitled to prosecutorial immunity for her actions in prosecuting Majersky's criminal case. Lastly, it found that Majersky had not demonstrated municipal liability because his allegations were insufficient to show that he suffered an injury caused by a policy or custom of the City and County of Denver. The district court dismissed Majersky's claims against the judicial defendants and City Attorney Hinds with prejudice based on absolute immunity. It dismissed the complaint and all claims against the City of Denver without prejudice. Majersky timely appealed.

## STANDARD OF REVIEW

We review dismissals under Fed. R. Civ. P. 12(b)(6) de novo. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). "To survive a motion to dismiss, a complainant must allege facts that, if true, state a claim to relief that is plausible on its face." *Est. of Burgaz, ex. rel. Zommer v. Bd. of Cnty. Comm'rs*, 30 F.4th 1181, 1185 (10th Cir. 2022). "In reviewing the motion to dismiss, we

4

accept as true all well-pleaded factual allegations in the complaint and view the allegations in the light most favorable to the non-moving party." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

We construe Majersky's pleadings liberally but do not serve as his advocate. *Luo v. Wang*, 71 F.4th 1289, 1291 n.1 (10th Cir. 2023).

## ANALYSIS

### *Heck v. Humphrey*

To recover damages for an allegedly unconstitutional conviction, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.  So, a civil action is barred where a successful judgment would necessarily imply the invalidity of a conviction of sentence.  *See Torres v. Madrid*, 60 F.4th 596, 600 (10th Cir. 2023).

It is clear from Majersky's complaint that he does not satisfy this prerequisite with respect to the criminal conviction he sought to invalidate here.  His claims necessarily imply the invalidity of his conviction.  And that conviction has not been vacated or called into question at all, outside of Majersky's own allegations, which are insufficient to surpass the *Heck* bar.  Accordingly, the district court correctly

determined that Majersky's challenges and requests to invalidate his criminal conviction were barred by *Heck*.

Majersky argues on appeal that the Tenth Amendment bars the application of *Heck* to his case. We disagree. There is no Tenth Amendment exception to the *Heck* doctrine, and Majersky's action is exactly the type that falls within *Heck*'s purview.[2]

We affirm the district court's without-prejudice dismissals based on its *Heck* analysis.[3] We now turn to the court's with-prejudice dismissals, which were based on judicial and prosecutorial immunity.

### *Judicial Immunity*

A judge acting in his or her judicial capacity is immune from suit "unless the judge acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). Judicial immunity "is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11-12

---

[2] Majersky makes the same Tenth Amendment argument with respect to the district court's judicial and prosecutorial immunity determinations. As with *Heck*, there are no exceptions under the Tenth Amendment to the application of these doctrines, and we reject Majersky's contentions to the contrary.

[3] We need not address the district court's analysis on Majersky's attempt to bring a municipal liability claim, as the dismissal without prejudice under *Heck* is proper. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001) (discussing that a dismissal without prejudice "does not bar the plaintiff from refiling the lawsuit within the applicable limitations period").

(citations omitted). To determine whether an act is judicial, the court must evaluate whether the act is "a function normally performed by a judge," and whether the parties "dealt with the judge in his [or her] judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

Those exceptions do not apply here. Majersky's claims against Judges Kline and Faragher stem from normal actions the judges took in their judicial capacities while overseeing Majersky's criminal proceedings. The district court correctly determined that both judges were entitled to judicial immunity.

### *Prosecutorial Immunity*

"It is well established that prosecutors are absolutely immune from suit under section 1983 concerning activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991) (internal quotation marks omitted). Although there is an exception to this immunity when the prosecutor acts in an investigative or administrative function, *see id.* at 1490, that exception does not apply here. The claims against City Attorney Hinds were entirely based on her decisions and actions in prosecuting Majersky in his criminal case. The district court correctly determined that City Attorney Hinds was entitled to prosecutorial immunity.

Majersky asserts that City Attorney Hinds is not subject to federal court jurisdiction. He is incorrect. Majersky asserted federal claims against City Attorney Hinds, and accordingly, his suit against her fell within federal jurisdiction, which the defendants all acknowledged when they removed this action to the federal district

court.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States[.]").

## CONCLUSION

We affirm the district court's decision.  We grant Majersky's in forma pauperis motion.

Entered for the Court

Gregory A. Phillips
Circuit Judge